760 December 17, 2025 No. 1092

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

KANONO LANG,
*Defendant-Appellant*.

Marion County Circuit Court
23CR00819; A183319

Courtland Geyer, Judge.

Submitted September 30, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Brett J. Allin, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Robert A. Koch, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

JOYCE, J.

Affirmed.

**JOYCE, J.**

Defendant appeals a judgment of conviction for driving under the influence of intoxicants, second-degree assault, and recklessly endangering another person. He assigns error to the trial court's denial of his motion for a mistrial. We conclude that defendant's motion for a mistrial was untimely, and therefore the motion is unpreserved and does not constitute plain error. We affirm.

To preserve a claim that the trial court erred in denying a motion for mistrial, the motion must have been timely. *State v. Quebrado*, 372 Or 301, 308, 549 P3d 524 (2024). Generally, the "'time to move for a mistrial is when the allegedly prejudicial act occurs, not after the incident has been allowed to pass by, for then it is too late for the trial judge to caution the jury and mend the harm.'" *State v. Cox*, 272 Or App 390, 404-05, 359 P3d 257 (2015) (quoting *State v. Shafer*, 222 Or 230, 235, 351 P2d 941 (1960)). However, we have rejected any bright-line rule for determining whether a motion for mistrial was timely and, instead, consider various factors in assessing timeliness. *State v. Sprow*, 298 Or App 44, 49, 445 P3d 351 (2019). Those factors include "how much time lapsed between the allegedly objectionable comments or testimony, whether additional testimony was heard, whether other issues were discussed, whether the trial court and state knew the defendant objected to the line of questioning, whether the defendant may have made a strategic choice in delaying the mistrial request, and whether the trial court had an opportunity to take prompt curative action." *Id.* We have also considered the state's lack of objection to a mistrial motion on the grounds that the motion was untimely. *Id.* at 49-50.

Here, consideration of those factors leads us to conclude that defendant's motion for a mistrial was not timely, and his claim is, therefore, not preserved. A police officer testified that defendant's friend, Marshall, told the officer that defendant had been driving the car involved in the crash. Defendant did not object to the hearsay statement at the time it was elicited and, indeed, raised no objection to it until the following day when he moved for a mistrial. We understand defendant to argue that the motion for a mistrial

was timely, notwithstanding its lateness, because the gravity of the harm from the statement was so great that, once it was put before the jury, the only legally permissible outcome was to declare a mistrial. Having considered the statement in the context of the record as a whole, we conclude that the statement was not so prejudicial to defendant that a curative instruction was categorically insufficient regardless of when the issue was raised.

The timing of defendant's motion also impeded the court's ability to take prompt curative action at the time the hearsay statement was made. By the time defendant moved for a mistrial, the witness who testified to the hearsay statement, as well as an additional witness, had finished testifying, the state had rested, and defendant had moved for judgment of acquittal, which the trial court denied.

Lastly, in response to defendant's motion for a mistrial, the trial court acknowledged that it had recognized the statement as hearsay at the time, but it also noted that defendant's failure to object under the circumstances may have been "a tactical decision applied by the defense." We agree with that assessment. As the state observes, Marshall's statement naming defendant as the driver corroborated defendant's theory of the case, inasmuch as he testified that he only took responsibility as the driver to protect Marshall, the actual driver of the car. Thus, this factor also cuts in favor of untimeliness.

Having concluded that defendant's claim of error is not preserved, we turn to his request for plain error review. "For an error to be plain error, it must be an error of law, obvious and not reasonably in dispute, and apparent on the record without requiring the court to choose among competing inferences." *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). Here, the only ruling assigned as error is the trial court's denial of defendant's belated motion for a mistrial, which we review for abuse of discretion. *Sprow*, 298 Or App at 45. We conclude that that ruling was a permissible exercise of the court's discretion and not legal error, given the nature of the hearsay statement on which defendant based his motion for a mistrial and the context of the record as a whole. Moreover, it is not obvious and is reasonably

disputable that a mistrial was the only legally permissible remedy for any harm resulting from the hearsay statement. We therefore conclude that the trial court did not plainly err in denying defendant's motion for a mistrial.

Affirmed.